PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* JESÚS RAMOS, Defendant and Appellant.

No. 3321.    Argued June 22, 1928.—Decided, July 8, 1928.

*J. Valdejulli* for the appellant.    *José E. Figueras* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The record on appeal from a judgment of conviction in a

municipal court was filed in the office of the secretary of the district court on December 23, 1926. The trial *de novo* in the district court began on May 4, 1927. Defendant thereupon moved for a dismissal upon the ground that more than 120 days had elapsed between the two dates last mentioned.

The district attorney then took the stand and said, in substance, that when the case in question reached the office of the secretary jury cases had been already set, the trial of which had occupied the entire criminal term; that since then the court had been daily engaged in the trial of criminal cases, felonies and misdemeanors, thus rendering an earlier trial in the case at bar impossible; so much so that, in order to insure a speedy trial, the court had set more than twenty appeals a day; and that it had been physically impossible to fix an earlier date for the trial of the instant case.

We are inclined to agree with counsel for defendant and with the *fiscal* of this court that the better practice would have been to call the secretary of the district court as a witness.

We also concur in the view of counsel for appellant and of the *fiscal* of this court that the showing made by the district attorney was wholly inadequate.

The record recites that the motion to dismiss was made upon oath. One of the facts stated therein was that a number of misdemeanor cases, filed after the record in the instant case had reached the office of the secretary, had been tried before the date of the trial herein. Notwithstanding this direct challenge, the district attorney does not state that any one of the numerous appeal cases set for hearing and disposed of in order to afford the accused a speedy trial had reached the office of the secretary before the filing of the record in the case at bar. The mere fact that the district court had been busy with other matters, whether civil or criminal, was not enough to justify or to excuse the failure to bring the case at bar to trial within the statutory period. *People* v. *Cesari,* 26 P.R.R. 18; *People* v. *Quirindongo,* 33 P.R.R. 433.

The judgment appealed from must be reversed, and the case dismissed.